IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER CONSTANTINE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1273 |
| | § | |
| AHMAD ADAS and | § | |
| SWIFT AUTO HAULING, LLC, | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

Plaintiff Alexander Constantine filed this lawsuit under the Fair Labor Standards Act ("FLSA"). Defendant Swift Auto Hauling, LLC ("Swift") filed a Motion to Dismiss and Compel Arbitration or Stay Case ("Motion") [Doc. # 5], asserting that Plaintiff's claims were subject to a written arbitration agreement. Plaintiff filed a Response [Doc. # 6], noting that Swift did not sign the arbitration agreement on which it bases its Motion. Swift neither filed a reply nor requested an extension of the reply deadline. Having reviewed the record and governing legal authorities, the Court **denies** the Motion.

## **I.     BACKGROUND**

Swift operates a tow truck business, and Plaintiff was employed by Swift from June 2016 to October 2017. Plaintiff alleges that Swift failed to pay him in full for

his work, and failed to pay him overtime wages for hours he worked in excess of forty (40) per week.

Swift has presented a contract signed by Plaintiff that includes an arbitration provision. The contract on which Swift relies, however, was not signed by Swift.

## II. **ARBITRATION AGREEMENTS**

Enforcement of an arbitration agreement requires proof that (1) there is a valid agreement to arbitrate; and (2) the dispute falls within the scope of that agreement. *See Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). Determining whether there is a valid arbitration agreement is a question for the Court based on state contract law. *See id.* The party seeking to enforce an arbitration agreement must show that the agreement meets all of the requisite elements of a contract. *See id.* Additionally, "because the validity of the agreement is a matter of contract, at this stage, the strong federal policy favoring arbitration does not apply." *Id.* at 688-89.

Under Texas law, a binding contract requires: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *Id.* at 689 (citations omitted). As to the fifth element, whether a signature is required to bind a party is a question of the parties' intent. *Id.* (citing *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 454 (5th Cir. 2013)).

"Signatures are not required as long as the parties give their consent to the terms of the contract, and there is no evidence of an intent to require both signatures as a condition precedent to it becoming effective as a contract." *Huckaba*, 892 F.3d at 689. In determining the parties' intent, the Court "must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id*.

In this case, the arbitration provision in the contract at issue refers to the "Signor's successors, assigns, executors, administrators, beneficiaries, and representatives." *See* Subcontractor Agreement, Exh. 1 to Motion, ¶ 18.6. This reference to a "Signor" indicates the parties' intent that the contract will become binding when signed. Additionally, the contract contains a signature line for "Swift Auto Hauling, LLC" that is unsigned. The language in the Subcontractor Agreement reflects the parties' intent that a signature was required for each party to be bound to the terms of the contract, including the arbitration provision. Because Swift did not sign the agreement, neither party is bound to its terms. *See Huckaba*, 892 F.3d at 691.

Plaintiff argued in opposition to Swift's Motion that there was no evidence that the arbitration agreement became a binding contract absent the signature of all parties. *See* Response, p. 3. Swift failed to file a reply presenting such evidence. As a result,

the record demonstrates, and the Court concludes, that the parties did not enter into a valid arbitration agreement.

## III. **CONCLUSION AND ORDER**

Swift did not sign the contract that contains the arbitration provision. Moreover, Swift has not presented evidence that the parties intended Swift to be bound by the arbitration provision in the contract notwithstanding its failure to sign. As a result, it is hereby

**ORDERED** that Swift's Motion to Dismiss and Compel Arbitration or Stay Case [Doc # 5] is **DENIED**.

SIGNED at Houston, Texas, this **24th** day of **July, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE