IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER CONSTANTINE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1273 |
| | § | |
| AHMAD ADAS and | § | |
| SWIFT AUTO HAULING, LLC, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Partial Summary Judgment as to the Applicability of the Fair Labor Standards Act ("Motion") [Doc. # 22] filed by Defendant Swift Auto Hauling, LLC ("Swift"). Swift seeks summary judgment that the Motor Carrier Act ("MCA") exemption applies and that the Technical Corrections Act ("TCA") exception to the exemption does not apply. Plaintiff Alexander Constantine filed a Response [Doc. # 23], and Swift filed a Reply [Doc. # 24]. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion as to the applicability of the MCA and **grants** the Motion as to the inapplicability of the TCA.

### I. BACKGROUND

Swift operates a tow truck business in the Houston, Texas, area. Plaintiff Constantine worked for Swift as a tow truck driver from June 2016 until October

2017. Plaintiff alleges that Swift failed to pay him the full amount of his wages and failed to pay him overtime wages for hours worked in excess of forty (40) per week.

Plaintiff filed this lawsuit under the FLSA. Swift argues that the FLSA does not apply because the MCA exempts certain employees of motor carriers from FLSA coverage. Plaintiff argues that the MCA does not apply. Plaintiff argues also that, even if the MCA does apply, the TCA excludes from the MCA exemption those motor carriers operating vehicles weighing 10,000 pounds or less.

Swift filed its Motion regarding the applicability of the MCA and the TCA. The Motion has been fully briefed and is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions in the record, together with any affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016). A party seeking summary judgment on a claim on which it does not have the burden of proof must demonstrate that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). To obtain summary judgment

on an issue on which the moving party bears the burden of proof, the movant must establish each essential element of that claim. *See Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citing *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *See Guar. Bank & Trust Co. v. Agrex, Inc.*, 820 F.3d 790, 794 (5th Cir. 2016).

### III. MCA EXEMPTION

Swift has the burden of proving that the MCA exemption applies in this case. *See Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018). The MCA exempts employees from the FLSA as to "whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). Generally, for the MCA to apply, an employee must be (1) employed by a motor carrier or private carrier, as defined by 49 U.S.C. § 13102, and (2) engaged in activities affecting the safety of operation of motor vehicles in interstate commerce within the meaning of the

MCA. *See* 29 C.F.R. § 782.2(a). There is no dispute that tow truck drivers engage in activities that affect the safe operation of motor vehicles.

The parties dispute whether Swift operates in interstate commerce and whether it was likely that Constantine would have been called upon to operate a tow truck for Swift in interstate commerce. The MCA exemption usually applies if employees are, or are "likely to be, called upon in the ordinary course of [their] work to perform, either regularly or from time to time, safety-affecting activities . . . that are interstate in nature." *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016) (internal quotations and citations omitted). Employees are considered "likely to be called upon" to perform interstate activities if they "could reasonably have been expected to [engage] in interstate commerce consistent with their job duties." *Id.* (citations omitted). To determine whether an employee could reasonably have been expected to engage in interstate commerce, courts consider several, non-dispositive factors:

> (1) whether all employees in the class have similar job duties, even if only some employees in the class make interstate trips; (2) whether the employer regularly sends some drivers to interstate destinations; (3) whether the employer requires its drivers to meet DOT requirements; (4) whether and with what frequency project assignments are subject to change; (5) whether the drivers' assignments are given via dispatch based on customer need; (6) whether drivers have fixed or dedicated routes; (7) whether assignments are distributed indiscriminately; and (8) whether drivers risk termination for refusing trips from dispatch.

*Id.* at 449 n.11.

Swift has presented evidence that it "tows vehicles across state lines at least 3% of the time." *See* Affidavit of Mahmoud Adas, Exh. 3 to Motion. Adas's Affidavit was executed March 4, 2019, and the averments are in the present tense. This affidavit does not supply evidence regarding interstate activity in which Swift may have engaged while Constantine was employed in 2016 and 2017.

Swift also presents Plaintiff's Interrogatory Responses. Interrogatory No. 3 asked Plaintiff "Have you ever driven out of Texas in your assigned tow-truck for work?" Constantine's sworn response was "I worked for a company named Royal in California for seven weeks in 2016. Royal was owned by or affiliated with Swift, so I took the truck with me when I went to California." *See* Response to Interrogatories, Exh. 1 to Reply. There is no evidence in the record regarding the legal relationship, if any, between Swift and Royal such that Constantine's work for Royal in California in 2016 would constitute interstate activity for Swift.

Last, Swift presents Dispatch Information for interstate towing assignments it performed. The Dispatch Information includes only one assignment in March 2018, and one assignment in August 2018. *See* Dispatch Information, Exh. 2 to Reply. Another assignment in August 2018 was to Royal Towing, again with no evidence regarding any relationship between Royal and Swift. There is no Dispatch Information for the 2016-2017 period during which Constantine worked for Swift.

Based on the foregoing, Swift has failed to present evidence that its tow truck drivers in 2016-2017 engaged in interstate activity for purposes of the MCA exemption.

Even if Swift had presented evidence of interstate activities during 2016 and 2017, it has presented no evidence addressing the relevant factors regarding whether Constantine "could reasonably have been expected to engage in interstate commerce." On this basis also, summary judgment on the applicability of the MCA exemption is denied. As a result, the Motion on this issue is **denied**.

## IV. TCA EXCEPTION

The TCA exception makes the FLSA applicable to employees who perform certain duties on vehicles "weighing 10,000 pounds or less" even where the MCA exemption might otherwise apply. *See Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018). In the Fifth Circuit, the weight of a single vehicle for purposes of the TCA is the "gross vehicle weight rating" (the "GVWR"). *See id.* at 582. The GVWR is "the value specified by the manufacturer as the loaded weight of a single motor vehicle." *See id.* at 577 n.5 (citing 49 C.F.R. § 390.5T). For a towed or other combination vehicle, the gross combination weight rating ("GCWR") can apply. *See Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 796 (5th Cir. 2011). "Gross combination weight rating (GCWR) means the value specified by the

manufacturer as the loaded weight of a combination (articulated) motor vehicle." *Id.* "In the absence of a value specified by the manufacturer, GCWR will be determined by adding the GVWR of the power unit and the total weight of the towed unit and any load thereon." *Id.*

Plaintiff Constantine has the burden of proving that the TCA exception to the MCA applies. *See Carley* 890 F.3d at 580.

Constantine has failed to present evidence regarding the weight, either the GVWR or the GCWR, of the tow-trucks he drove for Swift. Swift has presented evidence that the GVWR of the tow truck Constantine drove while employed at Swift exceeded 10,001 pounds. *See* Exhibits 1 and 2 to Motion. Therefore, absent a genuine issue of material fact regarding the weight of the tow trucks used by Swift and driven by Constantine, Swift is entitled to summary judgment that the TCA does not apply as an exception to the MCA exemption, should that exemption apply.

## V. CONCLUSION AND ORDER

Swift has failed to present evidence that would entitle it to summary judgment on the applicability of the MCA in this case. As a result, the Motion for summary judgment that the MCA applies is denied.

There is no genuine issue of material fact that Swift's vehicles weigh in excess of 10,001 pounds. Consequently, there is no genuine issue of material fact that the

TCA exception does not apply. Swift is entitled to summary judgment on this issue. It is, therefore, hereby

**ORDERED** that Swift's Motion for Partial Summary Judgment as to the Applicability of the Fair Labor Standards Act [Doc. # 22] is **DENIED** as to the applicability of the MCA exemption and **GRANTED** as to the inapplicability of the TCA exception. It is further

**ORDERED** that the remaining deadlines in the Docket Control Order [Doc. # 19] are **VACATED**. It is further

**ORDERED** that the parties are required to mediate this case by **May 27, 2019**. The parties shall advise the Court in writing by **May 1, 2019**, of the name of the chosen mediator and the scheduled mediation date. It is further

**ORDERED** that, should the case not settle at mediation, Swift may file by **May 31, 2019**, a renewed motion for summary judgment on the applicability of the MCA. Swift must support the renewed motion with competent summary judgment evidence regarding Swift's interstate activity during the period of Constantine's employment with Swift, evidence addressing the relevant factors enumerated in *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016), and evidence regarding any legal relationship between Swift and Royal. It is further

**ORDERED** that if Swift does not file a renewed motion, the deadline for the parties' Joint Pretrial Order is **June 28, 2019**, and docket call is scheduled for **July 10, 2019, at 3:00 p.m.** If Swift files a renewed motion, the Joint Pretrial Order and Docket Call deadlines will be set after the Court rules on that motion.

SIGNED at Houston, Texas, this **19th** day of **April, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE